**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVER C., by and through his parents Nichole C. and Cyrus C.; NICHOLE C.; CYRUS C.,<br><br>        Plaintiffs-Appellants,<br><br>  v.<br><br>STATE OF HAWAII DEPARTMENT OF EDUCATION,<br><br>        Defendant-Appellee. | No.   17-17498<br><br>D.C. No.<br>1:17-cv-00133-LEK-KSC<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted February 11, 2019
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Oliver C. is a preschool student who qualifies for special education services.

In September 2016, Oliver's family moved from the Honolulu District to the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Windward School District across the island. The Windward Department of Education ("DOE") determined that Benjamin Parker Elementary in the Windward District could implement Oliver's Individualized Education Program ("IEP"). In October 2016, Oliver's parents objected to this determination and filed a request for mediation and a due process hearing, and they sought a stay-put order from the Office of Administrative Hearings for the Department of Commerce and Consumer Affairs to allow Oliver to remain at his school in Honolulu during all proceedings. On February 22, 2017, a Hearings Officer denied Oliver's parents' stay-put request and held that Benjamin Parker was the appropriate placement for the 2016–2017 school year. The district court affirmed.

On appeal, Oliver's parents argue that the Hearings Officer erred by denying the stay-put order under § 1415(j) of the Individuals with Disabilities Education Act ("IDEA") because moving Oliver from Kuhio to Benjamin Parker would significantly change his educational placement. "We review de novo the district court's determination as to whether the school district complied with the IDEA," *Meridian Joint Sch. Dist. No. 2 v. D.A.*, 792 F.3d 1054, 1059 (9th Cir. 2015), and review "a district court's findings of fact in an IDEA case for clear error," *M.L. v. Fed. Way Sch. Dist.*, 394 F.3d 634, 642 (9th Cir. 2005). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The IDEA's stay-put provision states that "during the pendency of any proceedings conducted [under the IDEA] . . . [a] child shall remain in [his] then-current educational placement." 20 U.S.C. § 1415(j). We define "current educational placement" as "the placement set forth in the child's last implemented IEP." *N.E. ex rel. C.E. & P.E. v. Seattle Sch. Dist.*, 842 F.3d 1093, 1096 (9th Cir. 2016) (citation omitted). A change in location alone does not qualify as a change in "educational placement." Rather, a change in placement occurs "when there is a significant change in the student's program." *N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010); *see also* U.S. Dep't of Educ., Policy Letter to Fisher, 21 IDELR 992, 995 (OSEP July 6, 1994) ("[A] change in location alone would not substantially or materially alter the child's educational program.").

The record supports the Hearings Officer's factual findings and determination that Benjamin Parker could implement Oliver's IEP and that it did not constitute a change in educational placement. *See K.D. ex rel. C.L. v. Dep't of Educ., Haw.*, 665 F.3d 1110, 1117 (9th Cir. 2011) ("We give deference to the state hearing officer's findings particularly when, as here, they are thorough and careful." (citing *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir.1994))).

Oliver's parents' additional arguments fail. First, they received proper prior written notice as required by 20 U.S.C. § 1415(b)(3) because, in addition to

3

discussing the changes on the phone and at the September 26th meeting, the DOE sent Oliver's parents a letter providing official notice of the school change on October 6th, which they received on the 8th. Regardless, § 1415(b)(3)(A) requires the DOE to provide the parents with written notice when it "proposes to initiate or change . . . [the] educational placement of the child." As explained, changing schools did not change Oliver's "educational placement" for purposes of this section. Second, Oliver's parents were not denied meaningful participation because they were able to present evidence, attend the meetings, and express their opinions—the fact that they did not agree with the final decision does not mean they were not able to meaningfully participate. Third, the DOE did not "predetermine" Oliver's placement; it considered other potential schools in the Windward District but found they would not accommodate Oliver's IEP. And fourth, the DOE did not change Oliver's placement solely for its own convenience. As the district court noted, the decision to move Oliver to Benjamin Parker was based on several factors, including the extended transportation time between his home and Kuhio that would limit the instructional hours required in his IEP, and the possibility of a medical emergency during the long bus ride. The district court did not err in affirming the Hearings Officer's decision that Benjamin Parker can accommodate Oliver's IEP and thus is the appropriate placement.

4

**AFFIRMED.**